IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELANIE PERRY,

    Plaintiff,

v.

UNKNOWN DEFENDANT(S),

    Defendant.

_____

Civ. No. 6:16-mc-00453-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    This case comes before the Court on remand from the Ninth Circuit. At issue is whether Plaintiff, Melanie Perry, is entitled to a competency hearing under Fed. R. Civ. P. 17(c). The Court concludes that Plaintiff is not so entitled. Plaintiff has failed to provide substantial evidence of incompetence and thus cannot benefit from the protections of Fed. R. Civ. P. 17(c). Pursuant to the Court's previous Order, which held that Plaintiff has otherwise failed to state a claim, the case is DISMISSED without prejudice. Plaintiff may refile by submitting a complaint which names specific defendants and contains a short and plain statement of her claims.

## BACKGROUND

    The procedural posture of this case is peculiar. Plaintiff has not filed a complaint or even named a defendant. The record presently consists in relevant part of a Civil Cover Sheet, a motion for appointment of pro bono counsel, and the declaration of John Bell, a non-party. The Civil Cover Sheet alleges broadly that "[g]overnment employees universally discriminate against [Plaintiff's] mental disability." Mr. Bell's declaration further alleges violations of the

Rehabilitation Act of 1973, Housing Act of 1937, and Due Process Clause of the Fourteenth Amendment. Mr. Bell alludes to Plaintiff suffering from "psychosis," but provides no further details or documentation with respect to Plaintiff's competency or specific mental condition.[1] On November 18, 2016, after failing to respond to this Court's Order to Show Cause, and because of her failure to file a complaint, Plaintiff's action was dismissed. On appeal, the Ninth Circuit vacated the judgment and remanded the case with instructions to consider the applicability of Fed. R. Civ. P. 17(c). The case is once again before this Court.[2]

## DISCUSSION

Plaintiff has failed to provide "substantial evidence" of her incompetence and is therefore not entitled to a competency hearing. Under Fed. R. Civ. P. 17(c), a district court must appoint a guardian ad litem or issue another appropriate order if it determines that an unrepresented party is incompetent. A district court is only bound to inquire into a party's competency if she first presents "substantial evidence" of incompetence. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *see also Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (requiring a competency hearing when a "substantial question" exists as to the mental competence of a party).[3] In determining whether a party has provided "substantial evidence" of incompetence, a court may consider the declaration of that party, the declaration of a lay non-party, the declaration or letter of a treating healthcare professional, and medical records submitted by the party. *See Allen*, 408 F.3d at 1152.

---

[1] Although relevant to assessing the necessity of a competency hearing, Plaintiff's Civil Cover Sheet and Mr. Bell's declaration do not replace a complaint and the Court "may not consider any material beyond the pleadings" when assessing whether Plaintiff has stated a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

[2] The Court remains skeptical that it has subject matter jurisdiction over any aspect of the action given that, absent an adversarial party or dispute, there appears to be no "case or controversy" presented. *See* U.S. Const. art. III. It nevertheless assumes for the purposes of compliance with the Ninth Circuit's Mandate that consideration of the present matter is appropriate.

[3] A competency hearing is not the only option for a district court. *See Krain*, 880 F.2d at 1121 (allowing the lower court to "dismiss . . . without prejudice [or] appoint a lawyer"). It is, however, the "preferred procedure." *Id.*

Despite this diversity of potential evidentiary sources, the Ninth Circuit has treated documentation of a party's medical condition as the hallmark "substantial evidence." In *United States v. 30.64 Acres of Land*, for example, the court held that the plaintiff was entitled to a competency hearing because his claim of incompetence was "made credible by official documentation." 795 F.2d 796, 805 (9th Cir. 1986). The plaintiff in that case submitted a "detailed Social Security Administration (SSA) report finding him totally physically and mentally disabled under SSA regulations." *Id.* at 798. Similarly, in *Allen*, the court found "substantial evidence of incompetence" based on a letter from the plaintiff's treating psychiatrist which stated that he had been diagnosed with Chronic Undifferentiated Schizophrenia and prescribed psychotropic drugs, as well as the sworn declaration of a fellow inmate. 408 F.3d at 1153. The declaration and letter both described in detail the plaintiff's debilitating condition and made clear that he could "not understand the district court's orders. *Id.*

In the absence of more precise guidance, lower courts within the Ninth Circuit have declined to hold a competency hearing without detailed documentation of a party's medical condition. In *Shack v. Knipp*, for example, the district court concluded that the plaintiff had not provided "substantial evidence" of incompetence despite having produced medical records reflecting a diagnosis of schizoaffective disorder and the declaration of a fellow inmate. No. 12–CV–794–MMA, 2012 WL 4111652, at *5 (S.D. Cal. Sept. 17, 2012). The court discounted the inmate's declaration "because he did not have the training to determine whether the petitioner could understand and respond to court orders," and noted that the plaintiff had failed to submit his own sworn declaration or provide a letter from a treating psychiatrist. *Id.* Likewise, in *McElroy v. Cox*, the court denied the plaintiff's request for a competency hearing despite his provision of medical records. No. 08-1221 JM, 2009 WL 4895360, at *3 (E.D. Cal. Dec. 11,

2009). Although the records were relevant, it concluded that the plaintiff had failed to articulate or demonstrate a connection between his disorder and his ability to prosecute the case. *Id.*

Here, Plaintiff has provided no official documentation of her mental condition and therefore cannot satisfy the substantial evidence standard. Unlike the plaintiffs in *30.64 Acres of Land* and *Allen*, Ms. Perry offers no declaration, letter, or other documentary proof of her condition from a healthcare provider. Instead, like the plaintiff in *Shack*, Ms. Perry relies exclusively on a lay non-party declaration as evidence of her incompetence and, unlike that plaintiff, does not even provide medical records. Although Mr. Bell's declaration repeatedly refers to Plaintiff as having a "mental disability" and makes a passing reference to "psychosis," it offers no meaningful description or supporting documentation of Plaintiff's condition. Indeed, neither Plaintiff nor Mr. Bell suggest that she is unable to comprehend or competently participate in court proceedings and Mr. Bell, like the declarant in *Shack*, does not have the training to gauge Plaintiff's competence. The absence of such a description and the failure to provide any documentary evidence leave Plaintiff short of clearing the "substantial evidence" bar.

## CONCLUSION

Plaintiff is not entitled to a competency hearing under Fed. R. Civ. P. 17(c). As such, this action is DISMISSED without prejudice for failure to state a claim. Plaintiff may refile her suit by submitting a complaint naming specific defendants and containing a short and plain statement of her claims. She may again move for the appointment of pro bono counsel at that time.

It is so ORDERED and DATED this 27th of October, 2017.

/s/Michael J. McShane
Michael J. McShane
United States District Judge